# IN THE MATTER OF THE ESTATE OF JAMES CAMPBELL, DECEASED.

## No. 2713.

ARGUED MAY 22, 1950. DECIDED JUNE 20, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

574

This is a bill for instructions brought by the trustees under the will and of the estate of James Campbell, deceased. The principal facts set forth in the bill are in substance:

Paragraph 2. That as of July 1, 1933, the said trustees leased certain lands to Kahuku Plantation Company for a term of fifty years; that said lease contains a provision, relative to the subletting of portions of the demised premises, only partially set forth in the bill but which we copy in full from the lease (exhibit A) in evidence as follows:

"The Lessee, with the consent in writing of the Lessors, may sublet any portion of the demised land, either for a cash rental or for a share of the products or by-products grown on or produced from, or manufactured from products grown on or produced from, the land so subleased. In any such case the Lessee shall pay to the Lessors, in addition to the rent hereinbefore specified, one-half of the rent received, if in cash, and one-half of the fair market value at the plantation of the share of the products or by-products received by it instead of cash, *but* such rental payable to the Lessors shall be at the rate of not less than Two and One-half Dollars ($2.50) per acre. Such minimum rental shall be in addition to the minimum hereinbefore prescribed."

Said paragraph 2 further provides: "That at the time said lease was executed and until 1946, the lessee provided housing accommodations on the demised premises for its employees, said accommodations being furnished by the lessee as perquisites to its employees under the existing contract of employment; that in 1946, a change in the contract of employment occurred affecting the sugar industry generally including Kahuku Plantation Company; under the terms of the contract of employment between Kahuku

Plantation Company and the union, perquisites theretofore furnished by the plantation as a part of the contract of employment were converted into cash, the hourly rates of pay increased and the plantation's employees are charged for the rental of housing accommodations; that the agreements entered into between the plantation and its employees for the use of housing accommodations amount to a subletting of a portion of the demised premises; that the contingency of applying the provision dividing cash rentals in the event of subletting of plantation houses was not within the contemplation of the parties at the time the lease was executed."

Paragraph 3. "That the application of the provision requiring the lessee to pay one-half of the cash rent received to the trustees would mean an additional payment of rent to the trustees of approximately $45,000 per annum resulting in an operating loss thus endangering the ability of the lessee to continue payment of the rent reserved under said lease."

Paragraph 4. "That the trustees in the exercise of their business judgment have determined that it is to the best interests of the estate including the life beneficiaries that said lease be kept in effect for the remainder of its unexpired term and that the provision relating to the collection of one-half of the cash rentals upon subletting insofar as it relates to the subletting of housing accommodations on the demised premises for the use of employees of the lessee be waived and accordingly they have not demanded of the lessee or received any additional rent arising out of such subletting."

Paragraph 5. "That petitioners are advised by counsel that they may not safely waive the collection of one-half of the cash rentals referred to herein without the approval of the court *and therefore are in doubt whether*

*they should waive the payment of such cash rentals* or collect the same regardless of the possible effect on the ability of the lessee to pay the rent for the remainder of the term of said lease." (Emphasis added.)

Paragraph 6 names the following persons as life beneficiaries receiving income: Muriel K. Amalu, Alice Kamokila Campbell, Beatrice C. Wrigley, Kapiolani K. Field, Liliuokalani K. Lee and David Kalakaua Kawananakoa.

The relief prayed for is: "That the court determine the matters set forth herein with respect to which doubts and uncertainties have arisen and enter a decree approving or disapproving a *waiver* by the trustees of the provision of said lease above referred to." (Emphasis added.)

All of the life beneficiaries named in the bill, except Beatrice C. Wrigley, answered and she wrote to the trustees on February 19, 1948 (exhibit J) saying, "In reference to the matter now pending with respect to the rentals from Kahuku Plantation, I would say I am in sympathy with the lessees and it is my opinion that both parties in question should constitute a fair readjustment of rental terms."

David Kalakaua Kawananakoa in his answer requested the court "to instruct the trustees that they may waive such cash rentals and modify said lease accordingly."

Kapiolani K. Field and Liliuokalani K. Lee filed identical answers in which they admit, deny and further answer in substance as follows: In answer to paragraph 2 of the bill they admit all of the allegations thereof except "the contingency of applying the provision dividing cash rentals in the event of subletting plantation houses was not within the contemplation of the parties at the time the lease was executed," which they deny.

In answer to paragraph 3 of the bill they admit that application of the subletting provision of the lease would

produce an additional rent of approximately $45,000 per annum, but deny that this "would result in an operating loss, thus endangering the ability of the lessee to continue payment of the rent reserved under said lease."

In answer to paragraphs 4 and 5 they allege that they have not sufficient information to admit or deny the allegations thereof and therefore leave petitioners to their proof.

Further answering they allege in substance that there is no authority to waive collection of rentals heretofore accrued; that, as to future rentals, circumstances may arise whereby petitioners, in the exercise of their sound business judgment, might contract with the lessee to modify the rental provisions of said lease; that there is no doubt, in law or in fact, as to petitioners' duties in the premises sufficient to warrant the instructions of the court.

Wherefore said respondents pray that said bill be dismissed.

The answers of Muriel K. Amalu and Alice Kamokila Campbell admit and deny in substance the same as the respondents Field and Lee. However, Alice Kamokila Campbell admits the allegations of paragraph 4 of the bill and without answering further prays that the bill be dismissed. Whereas, Muriel K. Amalu for further answer alleges in substance that the lessee is, and for several years last past has been, well able to pay the rentals in question; that her position with reference to the bill for instructions is that, if in the future the financial structure of the plantation company should become impaired, it might be advisable for the trustees to waive the payment of the rent referred to from year to year during the continuance of such financial embarrassment. "But because no such emergency appears to be in existence at the present time, it is the judgment of the Respondent that

the Trustees should be, for the time being, instructed to require the payment of the amount due from the plantation in accordance with the terms of the said existing lease between parties."

After all of the foregoing answers were filed, an amended bill was filed which amended only paragraph 4 to read as follows:

"That the lessee, Kahuku Plantation Company, has requested the trustees to modify said lease and made representations to the trustees that in the event the lease is not modified with respect to the payment of one-half of the cash rentals derived from employees' housing accommodations as above set forth, the solvency of the plantation will be impaired and its ability to continue to pay the rent reserved under the lease will be jeopardized; that the trustees recognize the equity of the lessee's request that one-half of such cash rentals be waived, but they are advised by counsel that they may not safely waive the same without the instructions and authorization of this court."

Upon the filing of the amended bill the court, by minute order, ordered that the answers on file be considered as answers to the amended bill, in so far as applicable, unless amended answers are filed before the hearing.

Thereafter Alice Kamokila Campbell, one of the life beneficiaries, was appointed as the representative of all income takers who are now, or at any time during the existence of the trust may hereafter be, entitled to share in the income from the estate of James Campbell.

A few days after the entry of said order, Alice Kamokila Campbell filed an answer to the amended bill in which she admits and denies exactly as she did in her answer to the original bill except as to paragraph 4, which she answered as follows:

"In answer to paragraph 4 of said Bill, this Respondent has no knowledge or belief concerning the request or representations made by the Lessee to the trustees nor any knowledge or belief as to the feeling of the trustees concerning the request made by the lessee and therefore, puts Petitioners to their proof. Further answering said paragraph 4, this Respondent alleges that on the allegations made by Petitioners said rentals may not be waived with or without the instructions of this Court."

None of the other life beneficiaries answered the amended bill.

After the hearing a decree was entered which, after the recital of parties and the rendition of a decision, is as follows:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"That the trustees of the Estate of James Campbell are hereby instructed that they are authorized and empowered under the circumstances presented in this case to modify that certain lease dated as of July 1, 1933, from the trustees of the Estate of James Campbell to Kahuku Plantation Company in such manner by an appropriate instrument so that the lessee, Kahuku Plantation Company, under said lease is not obliged to pay to the trustees of said estate one-half of the cash rentals received by the lessee from the subletting of housing accommodations to plantation employees who reside in said housing accommodations in pursuance of their employment with the plantation and that such modification shall be made to take effect as of the date of the execution of the union contract between Kahuku Plantation Company and the I.L.W.U., to-wit: November 19, 1946, for the remainder of the unexpired term of said lease."

The life beneficiaries, Alice Kamokila Campbell, Kapio-

lani K. Field and Liliuokalani K. Lee, have appealed. The appellants Field and Lee assert that a court of equity will not instruct trustees how to exercise their discretion; that the circuit judge erred in granting relief which was not sought by allowing reformation of the lease; that he erred in authorizing the trustees to give away assets of the estate.

The appellant Campbell also asserts that there was a fatal variance between the pleadings and the proof on the one hand and the findings and decision of the court on the other; that no question was presented by the petition that required the guidance of the court; that the court, by granting modification of the lease to take effect retroactively without consideration, thereby authorized the trustees to make a gift of trust funds.

Counsel for the trustees asserts that two ultimate questions of law are presented by the pleadings and the undisputed facts, namely: (1) Does the bill for instructions allege a proper case for trustees to obtain the instructions of the court? (2) Was the circuit judge correct in advising and instructing the trustees that they should waive the collection of one half of the cash rentals and modify the lease?

First, we note that the decree does not authorize the trustees to *waive* the collection of one half of the cash rentals. It does authorize them to modify the lease "by an appropriate instrument" so that the lessee will not be obliged to pay to the trustees one half of the cash rentals received from the subletting of housing accommodations to plantation employees from November 19, 1946 for the remainder of the term of the lease.

We think that the answer to the two questions of law raised by the pleadings and the decree will satisfactorily dispose of all of the issues necessary to be decided on this

appeal.

We think both questions of law propounded by counsel for the trustees must be answered in the negative.

On the subject of what advice trustees may seek Bogert says:

"It is elementary that either the trustee or any other party having a financial interest in the trust may obtain from an appropriate court a construction of the trust instrument, and consequently advice as to the exact extent of the powers and duties of the trustee, where there is doubt on the subject * * *.

"The advice will not be given where the trust powers are clearly fixed by the trust instrument or a statute; but only in cases of real ambiguity or difficulty, as to legal problems. The court will not exercise the trustee's discretion for him. The court will not discuss problems which may never arise, or difficulties which are to confront the trustee at a remote date * * * .

"This power does not extend to an increase or decrease in the powers of the trustee, but merely to a clarification of his powers." 3 Bogert, Trusts and Trustees § 559, pp. 472-477.

In the restatement of the law of trusts it is said:

"The trustee is entitled to apply to the court for instructions as to the administration of the trust if he is reasonably in doubt as to his duties or powers as trustee. *"Comment*:

"*a. When trustee entitled to instructions.* The trustee is entitled to instructions of the court in respect to such matters as the proper construction of the trust instrument, the extent of his powers and duties, who are beneficiaries of the trust, the character and extent of their interests, the allocation or apportionment of receipts or expenditures between principal and income, the persons

entitled to the income or to the trust property on the termination of the trust * * * .

"*b. When trustee not entitled to instructions.* The trustee is not entitled to instructions as to his powers or duties, unless there is a reasonable doubt as to the extent of his powers or duties.

"*c.* The court will not instruct the trustee as to questions which may never arise or may arise in the future but which have not yet arisen. Thus, the court will not instruct the trustee as to the distribution of the trust property before the time for distribution arrives.

"*d.* Where a matter rests within the discretion of the trustee, the court ordinarily will not instruct him how to exercise his discretion." Restatement, Trusts § 259, pp. 806, 807. See also *Campbell* v. *Kawananakoa,* 31 Haw. 500, and *Bishop* v. *Pittman,* 33 Haw. 647.

Although the trust instrument (the will of James Campbell, deceased) is contained in the record, it was not made a part of the bill, either directly or by reference, and the petitioners did not ask the court to construe it or any provision thereof, nor did they express doubt as to the meaning of any of its provisions. The only doubt expressed by the trustees is contained in paragraph 5 of the bill and relates to whether they *should waive,* not whether they have *authority to waive,* the payment of one half of the cash rental received by the lessee from its employees for housing accommodations. On this ground alone we think the bill failed to allege a proper case for the trustees to obtain the instructions of the court.

The foregoing is probably sufficient to answer the other ultimate question of law which counsel for the trustees says is presented by the pleadings and the undisputed evidence.

We have already pointed out that the circuit judge

instructed the trustees to modify certain provisions of the lease, a matter not within the pleadings. It is true that by paragraph 4 of the amended bill it is alleged that the lessee has made certain representations to the trustees as to the effect of the provision in the lease with respect to the division of cash rentals derived from employees for housing accommodations and has requested the trustees to modify said lease. Compliance with said request would require the joint action of the trustees and the Kahuku Plantation Company, the lessee named in the lease. Said company is not a party to these proceedings, and it appears from the evidence (petititoner's exhibit G) that as early as December 1946, the month following the date on which the modification of the provision of the lease was to become effective, the plantation company was contending that the provision in the lease, which the decree ordered modified, did not apply to rents received by it from its employees for housing accommodations. It is also alleged in said amended paragraph 4 that the trustees recognize the equity of the lessee's request that one half of such cash rentals be waived (not that the lease be modified), but they are advised by counsel that they may not safely waive the same without the instructions and authorization of this court.

However, the trustees did not pray or otherwise request the court to enter a decree approving or disapproving a modification of the lease. They asked only for a decree "approving or disapproving a waiver" of the provisions of the lease above referred to.

We conclude that the circuit judge, by instructing the trustees as he did, erred in that he instructed them on a question not raised by the pleadings.

The decree is reversed and the cause remanded to the circuit court for further proceedings not inconsistent with

584

this opinion.

*J. H. Hughes* (also on the briefs) for respondent-appellant Alice Kamokila Campbell.

*J. G. Anthony* (*Robertson, Castle & Anthony* also on the brief) for petitioners-appellees, trustees estate of James Campbell, deceased.

*D. C. Lewis* (*Lewis, Kimball & Buck* and *W. W. Saunders* also on the briefs) for respondents-appellants Kapiolani K. Field and Liliuokalani K. Lee.